**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT NEWTON DEAVER,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | **Civil Action No. 4:07-CV-064-Y** |
| § | | |
| **NATHANIEL QUARTERMAN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Robert Newton Deaver, TDCJ # 1252611, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

On August 9, 2004, pursuant to a plea bargain agreement, Deaver entered a plea of guilty to

possession of a firearm by a felon and a plea of true to the habitual offender notice in the indictment in Case No. 0917184D in the 297th District Court of Tarrant County, Texas, and was sentenced to thirty years' confinement in TDCJ. (State Habeas R. at 50.)[1] Deaver did not directly appeal his conviction or sentence. (Petition at 3.) On November 14, 2005, Deaver filed an application for writ of habeas corpus in state court, raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on August 30, 2006. (Supp. State Habeas R. at cover.) Deaver filed this federal petition for writ of habeas corpus on January 11, 2007. The action was transferred to this Court from the Houston Division by order dated January 19, 2007. As directed, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Deaver has replied.

### D.  ISSUES

Deaver raises five grounds challenging his conviction. (Petition at 7-9.)

### E.  STATUTE OF LIMITATIONS

Quarterman argues that Deaver's federal petition for writ of habeas corpus should be dismissed with prejudice because his claims are time-barred. (Resp't Preliminary Resp. at 2-6.) The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] "State Habeas R." refers to the court record of Deaver's relevant state habeas application, Application No. 42,226-05. "Supp. State Habeas R." refers to the court record of that habeas proceeding following remand.

>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision, the judgment of conviction became final and the one-year

---

[2]Apparently, Deaver would have the Court apply subsection (B) because he claims that, notwithstanding his due diligence, he was impeded in his efforts to pursue postconviction state and federal relief as a result of his "highly medicated" state in the Tarrant County jail following his conviction, the time he spent in transit between facilities, and inadequate law libraries at the transfer facilities. (Pet'r Response at 2-8.) He requests the Court start the one-year limitations period on August 30, 2006, the date his state habeas application was denied by the Texas Court of Criminal Appeals. (*Id.* at 9.) The record reflects, however, that, although Deaver received medication in the Tarrant County jail, he refused to take one or more of his medications as early as July 2004, and was transferred to TDCJ in August 2004. (Petition, Attachment D at 3-26.) Deaver provides no proof of his other allegations. Statutory tolling may be justified where a prisoner is ignorant of the statute of limitations governing federal habeas proceedings and is unable to obtain a copy of the AEDPA from prison authorities. In that limited circumstance, the inability to obtain research materials may

(continued...)

3

limitations period began to run upon expiration of the time that Deaver had for filing a timely notice of appeal on September 8, 2004, and closed one year later on September 8, 2005, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Deaver's state habeas application, filed on November 14, 2005, over a year after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Deaver's federal petition filed on January 11, 2007, was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

Deaver's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

---

[2](...continued)
constitute a state-created impediment under 28 U.S.C. § 2244(d)(1)(B). *Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir.2003). Deaver does not allege, much less prove, that he was ignorant of the AEDPA statute of limitations. Rather, he alleges the TDCJ transfer facilities had inadequate law libraries. However, transfers between prison units and inadequate law libraries are common problems among inmates, and neither statutory nor equitable tolling is justified under these circumstances. *See Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Warner v. Dretke*, 2004 WL 942394, at *2 (N.D.Tex. Apr.30, 2004), *rec. adopted*, 2004 WL 1170511 (N.D.Tex. May 25, 2004).

and recommendation until April 17, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 17, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 27, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE