```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

ROBERT NEWTON DEAVER,            §
    Petitioner,              §
                                 §
VS.                              §    CIVIL ACTION NO.4:07-CV-064-Y
                                 §
NATHANIEL QUARTERMAN,            §
Director, T.D.C.J.               §
Correctional Institutions Div., §
    Respondent.              §

<u>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS</u>

In this action brought by petitioner Robert Newton Deaver under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 27, 2007; and

3. The Petitioner's written objections to the proposed findings, conclusions and recommendation of the United States magistrate judge filed on April 11, 2007.

The Court, after <u>de novo</u> review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions, and as set forth here.

Deaver argues in his written objections that he is entitled to equitable tolling of the statutory limitations period because while he was housed at the Tarrant County jail he lacked mental capacity due to being under the effects of psychotropic drugs, and because he was diligent in the pursuit of relief under article 11.07 and in

the filing of the instant action.[1] (Written objections at 4; at 8.) The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling.[2] But, the burden is on the petitioner--here, Deaver--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[3] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[4] Deaver has not satisfied this burden. His conviction was final for purposes of 28 U.S.C. § 2244(d)(1)(A) on September 8, 2004. He acknowledges being transferred to the Texas Department of Criminal Justice's ("TDCJ") Middleton unit on August 31, 2004, thus any effects from medication while housed at the Tarrant County jail are inapplicable to the one-year period Deaver had to timely

---

[1] As to Deaver's objections based on the inadequacy of the law library and the transfer between housing units, the case law cited in the magistrate judge's findings and conclusions refutes any claim for equitable toling.

[2] *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[3] *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[4] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999),*cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

2

file his petition.[5] This effect-of-medication based objection must be overruled.

With regard to his arguments that he was sufficiently diligent, Deaver focuses on the efforts he took in late fall 2005 and throughout 2006. Deaver has not shown what, if any, efforts he took to pursue his claims during the bulk of the running of the one-year period. The only inquiry during that period is a copy of correspondence dated August 30, 2005, just nine days before the end of the one-year period, in which Deaver sought mental-health records of Tarrant County related to his time in its jail. As Deaver has not shown that he was diligent during the one year, he is not entitled to equitable tolling.

To the extent Deaver argues in his written objections that the limitations period did not begin until a later date under 28 U.S.C. § 2244(d)(1)(B) because the State created an impediment to filing by not having a copy of the AEDPA statute of limitations available to him, the Court overrules such objection. In *Egerton v. Cockrell*,[6] the Court of Appeals for the Fifth Circuit held that such statutory tolling may be justified where a prisoner is ignorant of the statute of limitations governing federal habeas proceedings and is unable to obtain a copy of the Antiterrorism and

---

[5]*See generally Mathews v. Quarterman,* No.G-06-326, 2006 WL 3447733, at *3 (S.D.Tex. Nov. 27, 2006)(facts that petitioner under medical care and taking medication, without more, did not justify equitable tolling); *Aragon v. Dretke*, No.4:04-CV-607-Y, 2005 WL 43973 at *1 (N.D.Tex. Jan. 6, 2005)(petitioner not entitled to equitable tolling without evidence that claimed mental disability prevented him from understanding and asserting his legal rights during the relevant time period).

[6]334 F.3d 433(5th Cir.2003).

Death Penalty Act[7] ("AEDPA") from prison authorities. In that limited circumstance, the inability to obtain research materials may constitute a state-created impediment under 28 U.S.C. § 2244(d)(1)(B).[8]

Although Deaver now cites to *Egerton,* argues that it affords tolling for an inmate unaware of the statute of limitations, and contends that he was ignorant of the statute of limitations, these statements are not sworn to by Deaver under penalty of perjury. In contrast to these conclusions, in other papers submitted to this Court as exhibits, Deaver acknowledged awareness of a time frame for filing.[9] Furthermore, Deaver bases his claims on the alleged failure of two separate TDCJ institutions, (i.e., the Middleton Unit, and the Dick Ware unit) to have a copy of the limitations provision of the AEDPA.[10] It is unlikely that two separate institutions of the TDCJ would not have the applicable portions of the AEDPA available over a year after the *Egerton* decision. Thus, the Court concludes that Deaver's conclusory arguments that he is entitled to statutory tolling based on lack of availability of the

---

[7] The applicable provisions codified at 28 U.S.C. § 2244.

[8] *Id* at 437; see generally *Jackson v. Abrams*, No CIVA306CV508 HTWLRA, 2006 WL 3859010, at * 4 (S.D. Miss. December 28, 2006)(noting that inmates today are attempting to expand the *Egerton* holding far beyond the narrow set of facts to which it applies); *Neal v. Bradley*, Civil Action No. 2:05CV67, 2006 WL 2796404 at *2,(N.D.Miss., Sept. 25, 2006)(calling the rule adopted in *Egerton* "extremely circumscribed").

[9] *See* copy of November 25, 2005, letter to ACLU attached to written objections as Attachment A:"I would greatly appreciate a speedy response if possible due to my time frame;" *see* copy of October 10, 2005, letter to Thomas Wilder: "Please send response as soon as possible. My time is running short . . .," included within *Ex parte Deaver,* No. 42,226-05, Event date Feb. 28, 2006, Misc. Document Received by Texas Court of Criminal Appeals).

[10] Deaver's objection on the access-to-AEDPA issue focuses on the time frame up to his transfer to the James Byrd Unit on February 16, 2006.

Case 4:07-cv-00064-Y   Document 18   Filed 04/17/07   Page 5 of 5   PageID 156

AEPDA, must be overruled.[11]

Accompanying his objections, Deaver also submitted a motion for expansion of the record. Deaver seeks to compel discovery on non-parties under the rules of civil procedure. But Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts requires that a party show good cause before discovery is authorized.[12] Deaver has not shown good cause. As noted above, he did not exercise diligence during the running of the one-year period, and the bulk of the materials sought through discovery would relate to efforts and inquires by him after the applicable limitations period expired. The motion will be denied.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Deaver's motion for expansion of the record [docket no. 17] is DENIED.

Deaver's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED April 17, 2007.

_/s/ Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[11] Several district courts have distinguished inmate claims of entitlement to statutory tolling from the facts of *Egerton*. *See e.g., Stagno v. Quarterman*, No. G-06-250, 2006 WL 3488907, at *2 (S.D.Tex. Dec. 1, 2006). *Jackson v. Abrams,* 2006 WL 3859010 at *4; *Neal v. Bradley,* 2006 WL 2796404 at *2; *Warner v. Dretke*, No. 3:03-CV-2757-M, 2004 WL 942394, at *2 (N.D.Tex. April 30, 2004), Report adopted, 2004 WL 1170511 (N.D.Tex. Nov. 13, 2004).

[12] "A judge may, for good cause shown, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." RULE 6(a), RULES GOVERNING SECTION 2254 CASES.